UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

v.                           :           3:25-CR-72

DWAYNE CAVANAUGH,            :           (JUDGE MANNION)

Defendant                    :

**MEMORANDUM**

Pending before the court is the government's motion *in limine* seeking to admit evidence under Rule 414 of the Federal Rules of Evidence of the defendant's prior conviction for receiving child pornography. (Doc. 40). The government argues that this evidence is admissible to show the defendant's propensity to commit the offenses charged in this case and is further admissible to show that his efforts to receive and possess child pornography were knowing and intentional and not the product of mistake. In the motion, the government also seeks permission to introduce testimony from United States Probation officers that the defendant was on supervised release at the time of the current charges, that as a condition of his supervised release he was required to have his electronic devices monitored, and that the cell phone recovered from the defendant's car in this case was not monitored. The government

1

argues that evidence of the defendant's possession of an unmonitored cell phone is evidence that is intrinsic to the charged offenses in this case and, alternatively, is admissible under Rule 404(b) to demonstrate the defendant's intent to commit the charged offenses and consciousness of guilt. (Doc. 40). Based upon the court's review of the motion and related materials, the motion will be **GRANTED** to the extent discussed herein.

By way of relevant background, on or about April 21, 2010, the defendant was convicted for receiving child pornography in violation of 18 U.S.C. §2252A(a)(2) in the United States District Court for the Northern District of Texas. He was sentenced to 144 months of imprisonment and a life term of supervised release. On August 3, 2020, the defendant was released from imprisonment and began his life term of supervised release in the Middle District of Pennsylvania.

On January 21, 2024, United States Probation officers searched the defendant's car and discovered an unmonitored cell phone that was later found to contain images of child pornography. Subsequently, on March 5, 2025, a federal grand jury returned an indictment charging the defendant with possession of child pornography in violation of 18 U.S.C. §§2252A(a)(5)(B) and (b)(2). The following day, the defendant entered a plea of not guilty and was ordered detained pending trial.

Just recently, on November 19, 2025, a federal grand jury returned a superseding indictment charging the defendant with possession of child pornography in violation of 18 U.S.C. §2252A(a)(5)(B) and (b)(2), ("Count 1"), and also with receiving and attempting to receive child pornography in violation of 18 U.S.C. §2252A(a)(2) and (b)(1), ("Count 2").[1] Jury selection and trial are scheduled to begin in this matter on December 2, 2025. In anticipation of trial, the government has filed the pending motion *in limine* seeking a ruling on the above evidentiary matters. The motion is fully briefed and ripe for consideration.

Prior to addressing the substance of the government's motion, in a footnote in his opposing brief, the defendant argues that Count 2 of the superseding indictment "includes two bases for criminal liability, attempted receipt and receipt" of child pornography and appears to be a duplicitous count, i.e., a count containing two separate crimes for which the jury can issue a verdict. To determine whether a count is impermissibly duplicitous, the Third Circuit considers:

---

[1] Counsel for the defendant has indicated the defendant will waive any rights to delay of trial due to the superseding indictment as the superseding indictment has the same factual basis as the original indictment. An initial appearance and arraignment on the superseding indictment are scheduled to be held on December 2, 2025 prior to the start of trial.

> the concerns traditionally associated with charging in one count what could be several independent charges. These concerns include: (1) avoiding doubt that a general verdict may mask a finding of guilt as to one crime but not another; (2) avoiding risk that the jury was not unanimous as to any one of the crimes charged; (3) providing the defendant adequate notice; (4) supplying an adequate basis for sentencing; and (5) protecting against double jeopardy.

*United States v. Moyer*, 674 F.3d 192, 205 (3d Cir. 2012) (quoting *United States v. Root*, 585 F.3d 145, 154 (3d Cir. 2009)). To prevail on a claim that a count is impermissibly duplicitous, a defendant "must establish both impermissible duplicity and prejudice flowing from [*sic*] therefrom." *United States v. Bonner*, 2014 WL 5795601, *5 (M.D.Pa. 2014).

A duplicitous count, while improper, is not necessarily impermissible. *Id.* at *6 ("An indictment and resulting verdict form are impermissibly duplicitous and subject to dismissal only when the policy concerns identified by the Circuit are implicated"); *see also United States v. Root*, 585 F.3d at 155 ("a single count of an indictment should not be found impermissibly duplicitous whenever it contains several allegations that could have been stated as separate offenses, but only when the failure to do so risks unfairness to the defendant"). Where there is a duplicitous count in an indictment, the duplicity can be remedied by the court via its jury instructions. *See e.g., id.* ("[The defendant] asserts that duplicity in the

indictment and verdict form deprived him of a fair and unanimous verdict. The court disagrees. During trial, the court specifically charged the jury that it could find [the defendant] guilty of Counts VI, VIII, and XII under either an attempt theory or a substantive offense theory. The court expressly admonished the jury that it may only find [the defendant] guilty of a particular offense if its verdict was completely unanimous. The court presumes that the jury understood and applied its instructions") (internal citations omitted). Furthermore, other circuits and districts have allowed for duplicitous indictments to be cured via limiting instructions, jury instructions, and the verdict form. In *United States v. Smith*, for example, the Eighth Circuit found that "there was no risk of unfair duplicity" where receipt and attempted receipt of child pornography were charged in the same count and possession and attempted possession were charged in another because "the jury instructions included a unanimity instruction, separate instructions for receipt and possession that told the jury it must unanimously agree that particular visual depictions were received and possessed, and a separate instruction accurately defining the elements of an unlawful attempt." 910 F.3d 1047, 1053 (8th Cir. 2018); *see also e.g., United States v. Flores*, 2023 WL 2991066, *5 (D.Vt. 2023) (finding that a count was not duplicitous, but to the extent that it may have been "[t]here

is also no prejudice that could not be cured by a limiting instruction, appropriately drafted jury instructions, and a verdict form requiring unanimity as to any conviction").

Here, the defendant notably does not argue that the superseding indictment should be dismissed as impermissibly duplicitous; instead, the defendant cites *Smith* to, it appears, urge the court to remedy the duplicity. (Doc. 42 at 1, n.1). Thus, to avoid the concerns of the Third Circuit in *Moyer*, the court will issue jury instructions and a verdict form that avoid any risk of prejudice that Count 2 of the superseding indictment may pose.

Turning then to the substance of the government's motion *in limine*, at trial, the government seeks to present evidence under Rule 414 regarding the defendant's 2010 conviction in the Northern District of Texas for receipt of child pornography, including: the fact of the defendant's prior conviction, the terms the defendant admitted he used to search for child pornography, and the descriptions of the child pornography he admitted to receiving and how.

Rule 414 provides that "[i]n a criminal case in which a defendant is accused of child molestation[2], the court may admit evidence that the

---

[2] Rule 414 defines "child molestation" to include "any conduct prohibited by 18 U.S.C. chapter 110." Fed.R.Evid. 414 (d)(2)(B). Chapter

defendant committed any other child molestation." Fed.R.Evid. 414(a). If admitted, "[t]he evidence may be considered on any matter to which it is relevant." *Id.* Rule 414 creates an exception to Rule 404(b)'s[3] prohibition on propensity evidence. *United States v. Heatherly*, 985 F.3d 254, 269 (3d Cir. 2021).

The test for admission of evidence under Rule 414 has four requirements: (1) the defendant must be accused of "child molestation"; (2) the evidence the government seeks to admit must concern conduct that is "child molestation"; (3) the evidence must be relevant; and (4) its admission must not violate Rule 403[4] of the Federal Rules of Evidence in that the probative value of the evidence must not be substantially outweighed by the danger of undue prejudice.

---

110 of Title 18 includes, among other offenses, the production, receipt and possession of child pornography. *see Heatherly, infra.*; *United States v. Cunningham*, 694 F.3d 372, 385 n.22 (3d Cir. 2012).

[3] Rule 404 of the Federal Rules of Evidence provides, in relevant part, that "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b).

[4] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed.R.Evid. 403.

In considering the interplay between, among others, Rule 414 and Rule 403, the Third Circuit has provided that "where a prior act or conviction is 'demonstrated with specificity and is sufficiently similar,' to the charged conduct, 'the propensity inference that can be drawn from the past act evidence is greatest.'" *United States v. Noble*, 42 F.4th 346, 352 (3d Cir. 2022) (quoting *Johnson v. Elk Lake School District*, 283 F.3d 138) (3d Cir. 2002) (citations omitted)). The Third Circuit further noted that, in those cases, "Congress surely intended for the probative value of the evidence to outweigh its prejudicial effect, and, conversely, did not want Rule 403 factors such as undue delay, waste of time, confusion of the issues, etc., to justify exclusion." *Id.* As such, the Third Circuit held that "the probative value of the similar act [should] be presumed to outweigh Rule 403's concerns." *Id.*

However, when a prior act or conviction is not substantially similar to the charged offense or is insufficiently specific, the Third Circuit has provided that courts should consider the following facts to conduct a Rule 403 analysis: "the closeness in time of the prior acts to the charged acts, the frequency of the prior acts, the presence or lack of intervening events, and the need for evidence beyond the testimony of the defendant and alleged victim." *Johnson*, 283 F.3d at 156.

8

The government argues that all four prongs of the test for admissibility under Rule 414 have been met for the materials they seek to introduce. First, the government argues that the defendant is accused of "child molestation" offenses in that he is charged with receiving (and attempting to receive) and possessing child pornography in violation of 18 U.S.C. §§2252A(a)(2) and (a)(5)(B). As discussed above, these offenses are included in Chapter 110 of Title 18 of the United States Code. As a result, they constitute "child molestation" offenses as defined under Rule 414. The defendant does not substantively oppose this argument, and the court finds the first prong of the test is met.

Next, the government argues that the evidence it seeks to admit is of a prior "child molestation" offense. In this regard, the government provides that, in 2010, the defendant was convicted in the United States District Court for the Northern District of Texas of receiving child pornography in violation of 18 U.S.C. §2252A(a)(2). The government provides that the defendant's prior conviction is established by certified copies of his plea agreement, the agreed-upon facts that supported the guilty plea, the judgment of conviction, and the transcript from the defendant's sentencing hearing.

On this point, the defendant seemingly challenges the admissibility of the conviction itself under Rule 414. Citing to *United States v. Keen*, 2023 WL 2226796 (M.D.Pa. Feb. 24, 2023) (Brann, J.), the defendant argues that "a conviction itself is not admissible under Rule 414." Specifically, the defendant argues that *Keen* reasoned that Rule 414 relates to the commission of the offenses themselves and would not permit admission of the mere fact of a conviction. In arguing against the admissibility of his prior conviction under Rule 414, the defendant cites to the language of the *Keen* opinion wherein Judge Brann stated:

> [A] jury could not reasonably conclude from Keen's *nolo* plea that he committed 'child molestation.' Instead, Keen's *nolo* plea proves the fact that he was convicted of possession of child pornography – and that fact alone.

(Doc. 42, p. 3 (citing *United States v. Keen*, at *5).

When looking at the *Keen* opinion and the language cited by the defendant in context, it is the fact that the defendant entered a no-contest plea that distinguishes that case from the case at hand. In finding that a jury could not reasonably conclude that Keen actually committed a prior act based on his *nolo* plea, Judge Brann discussed that, in Pennsylvania, "a no-contest plea, sometimes referred to as a plea of *nolo contendere* or a *nolo* plea, is different from a guilty plea in its effect on subsequent

10

proceedings," even though both a *nolo* plea and a guilty plea result in a judgment of conviction. Judge Brann explained as follows:

> In *United States v. Poellnitz*, our Court of Appeals addressed the status of Pennsylvania *nolo* pleas in a federal supervised-release revocation proceeding. The question before the *Poellnitz* court was whether the defendant violated a condition of supervised release prohibiting him from committing additional crimes by pleading *nolo contendere* to a criminal charge in Pennsylvania state court. That condition read: "[w]hile on supervised release, the defendant shall not commit any crimes, federal, state, or local...." In the *Poellnitz* court's view, "[t]he condition was not that defendant shall not be convicted of another crime." Instead, "[w]hat is forbidden [by the condition] is illegal conduct, not another judgment of conviction."
>
> Once one intersperses the definition of "child molestation" from Rule 414(d)(2) into Rule 414(a), it reads the same as the condition in *Poellnitz*: "the court may admit evidence that the defendant committed any other ... crime under federal law or under state law...." Although the subsequent proceeding in *Poellnitz* was a revocation of federal supervised release, the nearly identical language of Rule 414 strongly suggests that the *Poellnitz* court's analysis applies with equal force to admitting prior-acts evidence in subsequent criminal prosecutions. Therefore, the second element for admission under Rule 414 - whether the defendant's prior conduct concerns child molestation - requires proof "of illegal conduct, not another judgment of conviction."
>
> Accordingly, to admit evidence under Rule 414 "the [G]overnment did not have to show that [Keen] was convicted of a new crime, but did have to show that he actually committed a new crime." Rule 414's applicability to conduct rather than the conviction itself is further evidenced by the Third Circuit's conclusion in *Johnson* that Rule 415 allowed the admission of uncharged conduct. Obviously, uncharged conduct could not have resulted in a conviction.

11

***But a conviction can serve as proof of the underlying acts themselves if accompanied by the defendant's admission or a factual finding by a judge or jury that the defendant committed the underlying acts.*** In *Poellnitz*, our Court of Appeals held that the district court erred when it "treated the *nolo* plea as the proof that [the defendant] committed the underlying crime." That is because "[i]n pleading *nolo contendere*, the defendant does not admit his guilt, but merely consents to being punished as if he were guilty." "Thus, as a legal matter consideration of a *nolo contendere* plea as evidence of [the defendant's] commission of the underlying crime [is] improper." Accordingly, Keen's *nolo* plea is not proof that he committed "child molestation" under Rule 414 because it does not prove he committed crime - or really that he did anything.

When it remanded the case, the *Poellnitz* court suggested that the district court "take into account all evidence in the record, including, but not limited to, evidence presented at [defendant's] plea hearing." The Court accordingly reviewed the order accepting the plea as well as the accompanying colloquy but unsurprisingly did not find any factual admission to the elements of 18 Pa.C.S. § 6312(d).

Consistent with *Poellnitz*, a jury could not reasonably conclude from Keen's *nolo* plea that he committed "child molestation." Instead, Keen's *nolo* plea proves the fact that he was convicted of possession of child pornography - and that fact alone. But Rule 414 is a vehicle to admit evidence of conduct, not a conviction. All Keen's conviction stands for is the fact that he was convicted. Keen specifically opposes any effort by the Government to admit the fact that he was on supervised release due to his child pornography conviction. Like Keen's conviction, his being on supervised release is not evidence that he committed a prior act of child molestation - it is a consequence of his conviction. Accordingly, Keen's conviction and the fact that he was on supervised release are not admissible under Rule 414.

*Keen*, 2023 WL 2226796, at **4-5 (footnotes omitted) (emphasis added).

Thus, as discussed in *Keen*, "a conviction can serve as proof of the underlying acts themselves if accompanied by the defendant's admission or a factual finding by a judge or jury that the defendant committed the underlying acts." Although the defendant appears to challenge the admission of his conviction, he concedes "that he entered a guilty plea, and that admission and later judgment of conviction may be one way to prove that [he] committed an offense under Chapter 110." (Doc. 42, p. 3).

In considering any challenge by the defendant to the admissibility of the fact of his prior conviction itself, in relation to that conviction, the defendant entered a plea of guilty. In doing so, he admitted to the actual act of receiving child pornography and the specific facts surrounding that act which resulted in his conviction. The court finds therefore that the defendant's prior conviction is evidence of a prior "child molestation" offense as defined by Rule 414 and is admissible in this case.

As to the third and fourth prongs of admissibility under Rule 414, the government argues that the evidence sought to be admitted is relevant and is highly probative to the current charges. As discussed above, despite the provisions of Rule 403 which exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, where

the prior offense is demonstrated with specificity and is sufficiently similar to the type of sexual assault allegedly committed by the defendant, Rule 414 provides a presumption in favor of admission. *Johnson*, 283 F.3d at 156. Although the defendant argues that the facts of this case are not similar enough to those related to his prior conviction so as to have evidence of the prior offense admitted, he does so unsuccessfully. As the government points out, there are a number of similarities between the facts surrounding the defendant's prior conviction and the circumstances surrounding the charged offenses so as to allow admission of the evidence. Specifically, the defendant's prior conviction was for receiving child pornography in violation of 18 U.S.C. §2252A(a)(2), as is the instant charge.[5]

    Moreover, the search terms used in both the prior offense and the charged offense, "young" and "children" are strikingly similar. In his prior case, the defendant admitted to using "young" and "children" in his search terms. In the charged offense, the unmonitored cell phone contained the search "young girls photo and video." In the prior conviction, the defendant admitted that the title of the video he received contained the

---

[5] The defendant takes no issue with this fact.

term "pthc" a common abbreviation for "preteen hard core." The unmonitored cell phone in the charged offense showed a website viewed tiled "pt hardcore files."[6]

In the prior conviction, the defendant admitted to receiving a video portraying an adult male penetrating the genitals of a prepubescent female with his penis. In the charged offense, one of the images recovered from the unmonitored cell phone portrays a prepubescent female exposing her genitals against which a male penis is pressed.[7]

In the prior case, the defendant admitted that he started viewing child pornography online using a web browser when he received a "pop-up" viewing adult pornography. In the charged offense, the unmonitored cell phone shows that the child pornography was received using a web browser as well.

---

[6] The defendant admits that in both cases these same search terms were used, but argues that they are so common so as not to make a difference. Whether common or not, the fact that nearly identical search terms are used in both the defendant's prior conviction and in the instant case is one factor to be considered.

[7] The defendant argues that there is insufficient similarity in this regard because one is a video and one is a still image. The fact is, regardless of the format, both publications depict similar images.

Considering all of the above, because the prior offenses can be demonstrated with specificity through the facts agreed upon and admitted to by the defendant at his guilty plea and they are sufficiently similar to the charged offenses, the court finds that they are presumptively admissible. Therefore, the court need not consider the factors under Rule 403 for admissibility.[8]

In order to avoid any unfair prejudice to the defendant, the government has represented that it is limiting the evidence sought to be admitted only to introduce the fact of the defendant's prior conviction and discrete statements the defendant made in relation to that prior offense. Although the government indicates that the defendant made other statements regarding his prior offense, counsel for the government represents that he is not requesting to have those statements deemed admissible. The government has indicated that it seeks to introduce evidence of the defendant's prior conviction through certified copies of his plea agreement, the agreed-upon facts that supported the guilty plea, the judgment of conviction, and the transcript from the defendant's sentencing

---

[8] The court notes, however, that the government's argument with respect to the applicability of Rule 403 is well-reasoned.

hearing to establish that the defendant committed a prior "child molestation" offense.

While the court finds that evidence of the defendant's prior conviction, including certain facts and statements made by the defendant in relation to that conviction, are admissible under Rule 414 in this case, in a further attempt to avoid any prejudice to the defendant, not all forms of evidence sought to be introduced by the government will be allowed. To this extent, copies of the defendant's plea agreement will not be allowed as they provide no relevant information which cannot be introduced through other means. Evidence of the agreed-upon facts that supported the defendant's guilty plea will be allowed. With respect to the transcript from the defendant's sentencing hearing, only those statements made and agreed to by the defendant relating to his conduct and guilty plea will be admissible. Other statements will not be allowed and must be redacted. Finally, evidence in the form of the actual "Court Judgment" of conviction will not be allowed unless the defendant in some manner challenges the fact of his conviction or the fact that a judgment of conviction was entered. As argued by the defendant, punishment is a matter for the court and in no way should be placed before the jury. The judgment of conviction in the defendant's prior case would present issues

17

with respect to the punishment, including incarceration, the defendant received in that case and may cloud the proceedings here. The court will therefore avoid any potential prejudice to the defendant by not allowing the physical judgment of conviction form unless, as stated, the defendant challenges the judgment in some manner.

Relatedly, the government seeks authorization to admit evidence regarding the condition of the defendant's supervised release that required him to have all electronic devices monitored by his supervising probation officer and evidence that the cell phone probation officers recovered from the defendant's car was unmonitored and was found to contain images of child pornography. The government argues that this evidence is intrinsic to the charged offenses, is relevant and necessary to provide factual context and avoid juror confusion, and is not unfairly prejudicial. Moreover, the government argues that the evidence is permissible to show the defendant's intent to receive and possess child pornography and demonstrates consciousness of guilt.

The defendant acknowledges that the government can admit evidence of his status on supervised release and that, as a condition of his supervised release, all of his electronic devices were required to be monitored by his supervising probation officer. The defendant asks,

however, that the name of the conviction which placed him on supervised release be excluded. As discussed above, the fact and nature of the defendant's prior conviction will come in under Rule 414. Moreover, the defendant asks that reference to any other condition of his supervised release, such as that he could not be around children, be excluded. With this, the court agrees. Whether the plaintiff could be around children is not intrinsic to the offenses for which he has been charged in this case. Therefore, the court will limit the government to presenting evidence relating only to the condition of the defendant's supervised release that required him to have all electronic devices monitored by his supervising probation officer.

    In accordance with the foregoing, an appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE:  November 30, 2025**
25-72-01